168 N.J. Super. 429 (1979)
403 A.2d 67
THE STATE OF NEW JERSEY, COMPLAINANT-RESPONDENT,
v.
BEN CUMMINS, DEFENDANT-MOVANT/PETITIONER.
Superior Court of New Jersey, Law Division.
Decided May 29, 1979.
*430 Ms. Laura M. LeWinn for defendant-movant/petitioner (Mr. Stanley C. Van Ness, Public Advocate, attorney).
Mr. Mark Stalford for complainant-respondent (Mr. Alexander D. Lehrer, Prosecutor of Monmouth County, attorney).
*431 SHEBELL, J.S.C.
Defendant moves for leave to appeal nunc pro tunc or, alternatively, to petition for post-conviction relief from a judgment of conviction in the Marlboro Township Municipal Court entered on June 16, 1976 whereby he was found guilty of violating N.J.S.A. 2A:170-28. Defendant was fined $25 plus $25 court costs. He has failed to pay same and has been threatened with arrest because of the issuance of a warrant for his apprehension by the municipal court judge. This court has entered an order staying the issuance and execution of the "bench warrant" pending its determination of the within application.
Defendant was an in-patient at Marlboro Psychiatric Hospital, a state mental institution, on the date of the alleged offense. It was the 18th admission to Marlboro Psychiatric Hospital for the 64-year-old patient. He had been involuntarily committed some six days prior to the date of the alleged statutory violation of N.J.S.A. 2A:170-28. Defendant had been in several other mental hospitals, both in this State and other jurisdictions. The Marlboro State Hospital records reveal that defendant has consistently been diagnosed as suffering from manic depressive illness, manic type," and when he discontinues his medication because he no longer believes he needs it, he becomes excited, boisterous and threatening. The hospital records further reveal that his illness caused him to make racial accusations, be over-talkative and belligerent, and that he was unpredictable, with insight and judgment lacking. The complaint stated that defendant "did with intent create a disturbance at the Marlboro Psychiatric Hospital." The complaint was signed by an "institution attendant" at the Marlboro State Hospital. The complainant was assigned at the time of the incident to assist defendant, who was on the "maximum security" ward and believed to be suffering a heart attack. He took defendant from "maximum security" to a cottage where he was to wait for a doctor. It was in the ward area of the cottage at the state hospital that defendant was proved to have created a *432 disturbance by being unruly and calling the attendant "nasty names."
The case was tried in the municipal court upon defendant's plea of not guilty. He was not represented by counsel, which fact is raised by the movant as a grounds for permitting the appeal at this time, citing as authority Rodriguez v. Rosenblatt, 58 N.J. 281 (1971). The record below indicates that defendant addressed the court regarding his lack of counsel; he stated he could not get anyone to represent him and that was why he was in court without a lawyer. This court does not find it necessary to make a determination as to the applicability of Rodriguez v. Rosenblatt to this case in light of the merit of defendant's contention that N.J.S.A. 2A:170-28 was improperly applied to him because of his status as an involuntarily committed patient at the state hospital.
N.J.S.A. 2A:170-28 provides:
Any person who by noisy or disorderly conduct disturbs or interferes with the quiet or good order of any place of assembly, public or private, including schools, churches, libraries and reading rooms, is a disorderly person.
This statute is meant to permit the State to protect places "of assembly, public or private" from "noisy or disorderly conduct." See State v. Morgulis, 110 N.J. Super. 454 (App. Div. 1970); State v. Besson, 110 N.J. Super. 528 (Cty. Ct. 1970). It has been held that what constitutes a disturbance will depend on the character of the assembly. State v. Smith, 46 N.J. 510 (1966), cert. den. 385 U.S. 838, 87 S.Ct. 85, 18 L.Ed.2d 71 (1966). While it can be argued that mental patients in a state hospital ward can be greatly troubled by disturbances created in their cottage ward when another patient acts up, it does not appear that the Legislature ever intended the statute in question to be applied to such a situation. Compare State v. Kyles, 166 N.J. Super. 343 (App. Div. 1979).
The State has decided that defendant required compulsory treatment for his illness and he was accordingly involuntarily *433 committed to the Marlboro Psychiatric Hospital. To convict the involuntary committee of a quasi-criminal offense for displaying the symptoms of his illness while in a place intended to treat that illness, and upon the complaint of one whose duty it is to have the care and custody of such a patient, imposes punishment where none can either constitutionally or morally be justified. The application of the statute to this defendant under the facts presented not only constitutes a misapplication of the statute but constitutes an unconstitutional infliction of cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. See Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962). The following quotation from Robinson demonstrates the unconstitutional nature of the within prosecution:
To be sure, imprisonment for ninety days is not, in the abstract, a punishment which is either cruel or unusual. But the question cannot be considered in the abstract. Even one day in prison would be a cruel and unusual punishment for the "crime" of having a common cold. [82 S.Ct. at 1421]
Post-conviction relief under R. 3:22-1 et seq. may not be used as a substitute for an appeal from the judgment of conviction, except where an error not so raised denies fundamental fairness in a constitutional sense and denies due process of law. State v. Smith, 43 N.J. 67 (1967), cert. den. 379 U.S. 1005, 85 S.Ct. 731, 13 L.Ed.2d 706 (1965).
A manifestly unjust conviction of a crime of which one is innocent should be set aside at any time. As stated in State v. Blanchard, 98 N.J. Super. 22 (Law Div. 1967):
* * * basic concepts of fairness demand that the court undo the injustice. Under such circumstances, principles of law involving finality of judgments and rules of court involving time limitations for appeal must be shunted aside in favor of a broader concept of fundamental justice under our law.
Defendant's conviction is set aside and the bench warrants vacated.